## BOWLES *v.* WILCOXEN.

It is only in the case of the seizure of ships or other vessels, that property provisionally seized can be released by the defendant on the execution of a bond in favor of the plaintiff. The right to bond property provisionally seized is given by sec. 12 of the stat. of 20 March, 1839. Sec. 18 of that stat. relative to the bonds given to release property so seized, must be considered as referring to the cases enumerated in sec. 12.

A *distringas* will not be issued to compel a specific execution of a judgment rendered against a party for a portion of a crop in kind, where, in consequence of the bonding and sale of the property, it had become impossible to deliver it in kind. *Per Curiam :* The office of the writ is to enforce the performance of things that are possible ; not to punish parties for failing to do what is impracticable.

Defendant having obtained a judgment against plaintiff for a certain number of hogsheads of sugar due to him as rent, took out a *distringas* to compel a specific execution of the judgment. Plaintiff enjoined the proceedings on the ground, that the sugar, having been sold, could not be delivered in kind ; the injunction was sustained as to the delivery of the particular sugar, but it was ordered that an equal quantity of sugar should be delivered in satisfaction, and a *distringas* was authorised to be used to enforce its delivery ; *Held*, that the *distringas* could only have been used to coerce the specific performance of the contract, and that, when that could no longer be accomplished, it should have been revoked.

APPEAL from the District Court of St. Mary, *Voorhies*, J. *Maskell* and *Magill*, for the appellant. *Dwight*, for the defendant. The judgment of the court was pronounced by

KING, J. *Wilcoxen*, the defendant in this suit, obtained a judgment against the present plaintiff, *Bowles*, for a sum of money, and for twenty-eight hogsheads and one barrel of sugar, and twelve hundred and forty-three gallons of molasses, of the crop produced by the latter in 1844, which judgment was affirmed by this court. See 1 Ann. Rep. 230. That suit was commenced by a provisional seizure of a quantity of sugar, which *Bowles* was permitted to bond on the day on which the seizure was made. The bond was returned into court,

and the sheriff stated in his return, the fact of its having been taken. No opposition to this proceeding was made by the plaintiff, who nevertheless took a judgment for one-fourth of the crop produced by *Bowles* in 1844, in kind. Upon an execution issued in virtue of this judgment, the monied part of the demand was satisfied, and the sheriff returned that an ineffectual application had been made for the sugar and molasses. A rule was, thereupon, taken on *Bowles,*to show cause why a writ of *distringas* should not issue against him, and, after a hearing, the rule was made absolute. From the judgment on the rule *Bowles* asked for an appeal, which the judge refused. A written notice was given to the sheriff by *Bowles,* of his readiness to deliver the quantities of sugar and molasses specified in the judgment, which *Wilcoxen* refused to receive, unless they were the identical sugar and molasses provisionally seized. An offer was also made to satisfy the judgment by paying the current price of sugar in October, 1846, with eight per cent interest from that date, which was also declined. Written instructions to the sheriff were endorsed on the writ by the counsel of *Wilcoxen,* to receive nothing in satisfaction of the judgment, except the specific articles mentioned in the decree. *Bowles* enjoined the execution of this writ on various grounds, and, among others, that a *distringas* was not a remedy of which the defendant could avail himself. The injunction was sustained so far as to relieve the plaintiff from the delivery of the specific sugar and molasses described in the judgment, and the sheriff was authorised to receive the required quantity of both, of equal quality with that produced by *Bowles* in 1844. From this judgment, *Bowles,* the plaintiff in this action, has appealed.

The right of the plaintiff to an appeal from the judgment rendered on the rule, has been much discussed at bar, but the question is not before us in a shape to authorise the expression of an opinion in relation to it; nor is the enquiry material to the decision of the true issues which the controversy presents.

It is contended that the bond executed by the plaintiff was legally received by the sheriff; that its effect was to release the sugar from the seizure, and to deprive the defendant of his right to claim a specific execution of his judgment. The only authority relied on by the plaintiff in support of the right to bond property provisionally seized, is the act of 1839. That statute we understand to relate alone to ships or other vessels, the provisional seizures of which it permits to be set aside, on a bond being executed in favor of the plaintiff as in cases of attachment. The 18th section of the act, which provides for the disposition to be made by the sheriff of bonds given to release property from provisional seizure, must be considered to refer to cases enumerated in the 12th section, of ships and other vessels, the only species of property to which the right of bonding in such proceedings has been extended. Acts 1839, p. 166, ss. 12, 18. The act of the sheriff was clearly illegal, and the unauthorised bond taken by him opposed no impediment to a specific execution of the judgment, if, in other respects, it had been practicable.

The question which next arises is, whether the defendant, under the facts of the present case, could resort to a *distringas* to enforce a compliance with the judgment which he had obtained. The contract of lease, upon which that judgment was rendered, stipulated for the payment in kind of one-fourth of a crop of sugar and molasses, as rent. The judgment was in conformity with this contract, and the defendant would, under ordinary circumstances, have had his election, upon the refusal of the debtor to surrender the objects, the delivery

BOWLES
*v.*
WILCOXEN.

of which was decreed, either to institute an action for damages, or to compel a specific execution by means of a *distringas*. C. P. 635, 636. But it is conclusively shown by the evidence, that a specific execution of the judgment had become impossible at the date when the writ issued; that the defendant was aware of the impossibility; and that he persisted in resorting to this process without the remotest expectation that it would coerce a specific performance. *Wilcoxen* knew that the sugar had been released on the bo.id of the plaintiff, and delivered to the latter, whether illegally or not is immaterial; and it appears from the evidence that he was aware, at the time the order for the *distringas* was granted, that the sugar had long previously been shipped and sold, and that the proceeds were then in the hands of the plaintiff's attorney. He was aware then that a specific execution of the judgment was impracticable, and that the writ he was seeking could only serve to harass his debtor. With this knowledge he instructed the sheriff to receive in satisfaction of his judgment no other than "the specific articles named in the judgment;" and he now contends, that the law accords to him the right of resorting to this suit, for the mere purpose of punishing his debtor. The proposition is novel, and can meet with little favor in this court.

The appropriate office of the writ is to enforce the performance of things that are possible, and not to punish parties for the failure to perform those which are impracticable. When the impossibility of a specific execution became apparent to the judge below, he correctly dispensed the defendant from that part of the judgment; but fell into the error of directing that other sugar and molasses should be delivered in satisfaction, and of authorising the use of the *distringas* to enforce the delivery. The writ could only have been used to coerce the *specific performance*; and when that end could no longer be accomplished, it should have been revoked; and the party left to other remedies. In view of the facts of this case, we think that the defendant was not entitled to a *distringas*, and that the judge erred in not sustaining the injunction.

It is therefore ordered that the judgment of the District Court be reversed, and that the injunction sued out by the plaintiff be made perpetual; the appellee paying the costs of both courts.